IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LaCHELLE HAYWOOD,<br><br>        Plaintiff,<br><br>v.<br><br>TYSON FOODS, INC.,<br><br>        Defendant. | Case No. 14-cv-377-FHS<br><br>**Attorney Lien Claimed**<br>**Jury Trial Demanded** |

## COMPLAINT

COMES NOW the Plaintiff, LaChelle Haywood, and for her causes of action herein alleges and states as follows:

## PARTIES

1. The Plaintiff, LaChelle Haywood is an adult female of African American descent who resides in McCurtain County, Oklahoma. At all relevant times, Ms. Haywood met the definition of an "employee" under all applicable statutes.

2. The Defendant, Tyson Foods, Inc., (hereinafter "Tyson" or "Defendant") is a foreign for profit entity doing business in McCurtain County, Oklahoma. At all relevant times, Defendant met the definition of "employer" under all applicable statutes.

1

## JURISDICTION AND VENUE

3. Plaintiff's claims are for (1) race discrimination and (2) retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000(e), *et seq.*, and 42 U.S.C. § 1981.

4. Jurisdiction over Plaintiff's federal claims is vested under 42 U.S.C. § 2000(e)-5(f), and 28 U.S.C. § 1331 and 1343 as this action involves federal questions regarding the deprivation of Plaintiff's rights under Title VII and Section 1981.

5. All of the actions complained of occurred in McCurtain County, Oklahoma and the Defendant may be served in that county. McCurtain County is located within the Eastern District of the State of Oklahoma, thus venue is proper in this Court under 28 U.S.C. § 1391(b).

6. Plaintiff has exhausted her administrative remedies by timely filing a Charge of Discrimination with the Equal Opportunity Commission ("EEOC") alleging race discrimination and retaliation. Plaintiff received her Dismissal and Notice of Rights letter from the EEOC and timely filed this action within ninety (90) days of her receipt thereof.

## STATEMENT OF FACTS

7. Plaintiff has complied with all statutory prerequisites to filing this action.

8. Plaintiff is an adult African American female.

9. Plaintiff has been employed by the Defendant since January 1995. She was promoted to Purchasing Clerk in 2004. Her duties included, but were not

limited to, materials management support, maintenance of inventory controls, supervision of employees, and preparation and review of purchase orders for the plant.

10. Plaintiff also helped with preparing and managing the budget.

11. When Plaintiff's supervisor, the Materials Manager, Meredith "Jennise" Tucker, was absent or otherwise unavailable to perform her job, Plaintiff filled in and performed all of the Materials Manager duties.

12. On occasion, plant employees would even contact Plaintiff at home when Ms. Tucker could not be reached for some reason.

13. In or around 2012, Plaintiff uncovered problems with work performed by the Ms. Tucker. Subsequently, Ms. Tucker was placed on suspension and later terminated. Plaintiff again stepped up and performed the Materials Manager duties in her absence. She worked diligently and successfully ensured the efficient management of materials for the plant.

14. Although Plaintiff performed the Materials Manager duties, she was never compensated with corresponding pay.

15. Plaintiff was well qualified for her position and she has demonstrated that she is qualified and able to perform the Materials Manager position. She has a good work record, and has performed her job in a competent, dedicated, and satisfactory manner throughout her employment.

16. Plaintiff has earned consistently good evaluations and her discipline record is clean.

17. After Ms. Tucker was terminated, the Materials Manager was posted internally.

18. Plaintiff applied and was the most qualified candidate especially in light of the fact that she was actually performing the job at that time. Defendant admits that Plaintiff was a strong candidate for the position.

19. Brenda "Renae" Raley, also a Purchasing Clerk, knew Plaintiff had applied for the job, and told Plaintiff that she was not interested in the job. Later, Ms. Raley was asked to apply for the position and told that the position would be hers by Gilbert James, the Maintenance Manager.

20. Ms. Raley lacked the knowledge and experience to do the job.

21. Plaintiff was interviewed, but the interview was a farce. She was not asked any questions or given an opportunity to discuss about her experience, skills, qualifications, or anything related to the position.

22. Ms. Raley was given the Materials Manager job. She was not able to do the job. Plaintiff had to educate Ms. Raley about the job responsibilities and to train Ms. Raley to perform the job.

23. In addition to her qualifications and experience with the Materials Manager position, Plaintiff had more seniority than Ms. Raley.

24. Ms. Raley and Mr. James are both white. Ms. Tucker, the previous Materials Manager was also white.

25. The selection of Ms. Raley was discriminatory and retaliatory because Plaintiff had reported other incidents of racial discrimination she had experienced at work.

26. For example, on one occasion, Plaintiff accidentally tore an invoice and had to prepare a replacement. A white manager asked another white employee if they should take Plaintiff outside and "hang her up" for it. Plaintiff found the comment offensive and racist, and she told the manager and reported the incident to Human Resources.

27. Nothing was done to stop the discrimination.

28. As a direct result of Defendant's discriminatory and retaliatory conduct, Plaintiff has suffered, and continues to suffer, irreparable harm including lost wages and emotional distress including anxiety and mental anguish. Plaintiff has also suffered injury to her professional reputation, embarrassment, and other harm described herein.

29. Plaintiff has exhausted her administrative remedies by timely filing a Charge of Discrimination with the EEOC alleging race discrimination and retaliation. Plaintiff received her Dismissal and Notice of Rights letter from the EEOC and timely filed this action within ninety (90) days of her receipt thereof.

**COUNT I – RACE DISCRIMINATION – TITLE VII and § 1981**

Plaintiff incorporates and realleges all prior allegations as if fully set forth herein. Plaintiff further alleges:

30. Plaintiff is African American. Tyson is an employer within the meaning of Title VII.

31. Plaintiff experienced discrimination in the workplace, which she brought to the employer's attention. Nothing was done to stop the discrimination.

32. Plaintiff's was qualified for the Materials Manager position. Plaintiff was denied the position, and the position was given to a white employee. This was discriminatory and retaliatory.

33. Defendant, by and through their agents and employees, including, but not limited to, supervisor, Gilbert James, discriminated against Plaintiff based on her race and color in violation of Title VII of the Civil Rights Act and 42 U.S.C. § 1981 with respect to the terms, conditions and privileges of employment by, among other things, subjecting her to discrimination in the form of racist comments, failing to stop the discrimination, and by denying her the Materials Manager position despite her qualifications, experience, and skills because of her race and in retaliation for her complaints of discrimination.

34. Plaintiff's race was a motivating factor in Defendant's decision to deny her the Materials Manager position and other adverse actions. Defendant's conduct was contrary to and in violation of Title VII of the Civil Rights Act and 42 U.S.C. § 1981 in as much as the employment decisions were based, in whole or in part, on Plaintiff's race.

35. As a result of Defendant's unlawful and discriminatory conduct in violation of the Title VII and Section 1981, Plaintiff has suffered, and continues to suffer harm.

36. Plaintiff is entitled to all relief afforded by Title VII and § 1981, including, back pay, front pay, compensation for emotional distress and mental anguish, injunctive relief, attorneys' fees and costs.

37. Defendant's conduct was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights.

38. Further, because Defendant's actions were intentional and with malice or reckless indifference, Plaintiff is entitled to an award of punitive damages to punish the Defendant for its unlawful practices and to deter the unlawful practices in the future.

## **COUNT II – RETALIATION**

Plaintiff incorporates and realleges all prior allegations as if fully set forth herein.  Plaintiff further alleges:

39. Retaliation for engaging in protected conduct is a violation of the Title VII.

40. Plaintiff's report of discrimination in the workplace is protected activity as a matter of law.

41. Plaintiff's complaint was ignored, and thereafter she was wrongfully denied the Materials Manager position.

42. Defendant's discriminatory conduct and denial of the Materials Manager position was based on Plaintiff's protected conduct and, therefore, in violation of the Title VII's provisions against retaliation.

43. As a result of Defendant's wrongful conduct in violation of the Title VII, Plaintiff has suffered, and continues to suffer harm.

44. Plaintiff is entitled to all relief afforded by the Title VII including, back pay, front pay, compensation for emotional distress and mental anguish, injunctive relief, attorneys' fees and costs.

45. Further, because Defendant's actions were intentional and with malice or reckless indifference, Plaintiff is entitled to an award of punitive damages to punish the Defendant for its unlawful practices and to deter the unlawful practices in the future.

## **REQUEST FOR RELIEF**

**WHEREFORE**, Plaintiff prays that she be granted judgment in her favor and against Defendant, Tyson Foods, Inc., on all of her claims.  In addition, Plaintiff prays that the Court grant her all available compensatory damages, punitive damages, liquidated damages, pre- and post-judgment interest, costs, attorneys' fees, and any other legal or equitable relief allowed by law.

Respectfully submitted this 4th day of September, 2014.

*/s/ Tynan Grayson*
_____
Tynan Grayson, OBA No. 20709
Grayson Law Group, PLLC
4334 NW Expressway, Suite 273

Oklahoma City, OK 73116
Telephone:  (405) 283-2529
Facsimile:  (405) 708-6344
Email: tynan@thegraysonlawgroup.com

Attorney for Plaintiff
**Jury Trial Demanded**
**Attorney Lien Claimed**