**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

```
(1) LACHELLE HAYWOOD,            )
                                 )
         Plaintiff,              )
                                 )
v.                               )      No. CIV-14-377-FHS
                                 )
(2) TYSON FOODS, INC.,           )
                                 )
         Defendant.              )
```

**ORDER**

Plaintiff LaChelle Haywood filed a Complaint with this court on September 4, 2014. In this Complaint, she alleges a cause of action for race discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964. On February 18, 2015, this court entered a scheduling order setting certain deadlines. On April 22, 2015, the Plaintiff requested a 60 day extension of all remaining deadlines. In support of the motion, Plaintiff's counsel indicated she was having serious health issues which had affected her ability to properly prosecute the case. In the motion, Plaintiff's counsel indicated that she had enlisted the assistance of another attorney to act as co-counsel. This attorney agreed to enter an appearance if the requested extension was granted. On April 23, 2015, this court granted the requested extension and entered a new scheduling order which extended most dates by 90 days. A new lawyer never entered an appearance for Plaintiff.

On June 12, 2015, the Defendant filed a Motion to Compel. In that motion, Defendant stated that it had properly served Plaintiff

1

with discovery requests and the responses were due on April 17, 2015. After several attempts to contact Plaintiff's counsel, Defendant gave Plaintiff a one month extension to respond to discovery. Plaintiff still did not respond. Defendant's counsel made repeated attempts to contact Plaintiff's counsel by phone and email. Plaintiff's counsel never responded. On July 6, 2015, this court entered an order granting the motion to compel and ordering the documents be produced by July 13, 2015. Plaintiff still failed to produce the documents. On this same date, the court also entered a show cause order directing the Plaintiff to show cause by July 13, 2015, as to why this case should not be dismissed for Plaintiff's failure to prosecute. Plaintiff failed to respond to this order as well.

In its Motion to Compel, Defendant suggested that if Plaintiff is unable to prosecute her case at this time a more appropriate solution would be to dismiss this case without prejudice. Federal Rule of Civil Procedure 41 (b) provides:

> Involuntary dismissal; Effect. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or claim against it....

"A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules." Reed v. Bennett, 312 F. 3d 1190, 1195 (10th Cir. 2002). In order to dismiss this case for failure to prosecute the court must weigh several factors. These factors include: (1) the degree of actual prejudice to the other party; (2) the amount of interference with

the judicial process; (3) the litigant's culpability; (4) whether the court warned the party in advance that dismissal would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." Ehrenhaus v. Reynolds, 965 F.2d 916, 921 (10th Cir. 1992).  Clearly, the degree of prejudice to the Defendant is great.  Defendant has not been allowed to depose Plaintiff, has not received any discovery and cannot communicate with opposing counsel.  In addition, the amount of interference with the judicial process is also a large consideration.  This case is at a complete standstill because Plaintiff's counsel is not available.  Another lawyer has not entered an appearance in this case so this case cannot move forward. There is no indication that the litigant has any culpability in the failure to prosecute her case. Next, at this point in time, the court cannot think of a lesser sanction to address this conduct.  The court has given Plaintiff's counsel multiple opportunities and time to either prosecute this case herself or have another lawyer proceed with the prosecution of the case. Finally, in the July 6, 2015 order Plaintiff was warned that if she did not respond to the show cause order her action would be dismissed.  Accordingly, this court dismisses this case without prejudice to refilling due to Plaintiff's failure to prosecute.

It is so ordered this 24th day of July, 2015.

Frank H. Seay
United States District Judge

3